**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew W. Gauthier, | No. CV-23-02552-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Whirlpool Corporation, | |
| Defendant. | |

Plaintiff Matthew Gauthier filed this suit against his former employer, Defendant Whirlpool Corporation, asserting Title VII and Arizona wrongful termination claims from when he was terminated for refusing to receive the Covid-19 vaccination on religious grounds. (Doc. 1.) Whirlpool moves to dismiss the Complaint, in part, for failure to comply with the required pleading standards laid out in Rule 8, Fed. R. Civ. P., *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (Doc. 6.) For the reasons listed below, the Court grants Whirlpool's Motion, and will grant Plaintiff leave to file an amended complaint.

**I.**

Rule 8 of the Federal Rules of Civil Procedure governs pleadings and provides, in relevant part:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

>(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1).

As the Supreme Court "held in *Twombly*, the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (cleaned up). A complaint that offers nothing more than blanket assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id*. Plaintiff's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Here, Plaintiff alleges very few factual allegations, and under each respective claim, he asserts generalized formulaic recitations of the elements. (Doc. 1.) For example, the only allegation in the Complaint that gives any indication on what happened states:

>Defendant instituted a policy of mandatory Covid 19 vaccinations. Defendant considered requests for religious exemptions from the vaccine mandate. Plaintiff timely submitted such a request which was granted by Defendant based on his sincerely held religious objections to the vaccine, but refused to grant him any accommodation based on the claim that such accommodation would create undue hardship on the company, despite the fact that he had no contact with other employees and little to no contact with customers or members of the public, and that that he was willing to continue to take all other reasonable precautions as he had during the previous months of the "pandemic."

(Doc. 1 ¶ 2.)

This allegation does not explain what the policy entailed, when and how Plaintiff submitted his request to be exempt from obtaining the vaccine, what sort of accommodation he sought, when and how the Defendant responded to any purported requests, and the extent of the damages he suffered. And nowhere else in the Complaint does Plaintiff explain as such.

Furthermore, nowhere in the Complaint does Plaintiff explain what his sincerely religious beliefs are, or how Whirlpool failed to accommodate them. Plaintiff alleges that "Defendant further retaliated against [him] by placing him on unpaid leave and extending that leave without providing him with accommodation, thereby delaying his eventual termination." (Doc. 1 ¶ 17.) This allegation fails to explain the chain of events that led to unpaid leave, when the unpaid leave began, when it was extended, and when he was eventually terminated. In another part of that paragraph, Plaintiff alleges the "delayed termination extended the beginning of a non-compete clause in his employment contract and denied him employment opportunities." (*Id.*) Again, this allegation fails to explain when this occurred, and what type of employment opportunities he was denied because of Defendant's purported conduct.

The Complaint, in its current form, is a classic example of the generalized "unadorned, the-defendant unlawfully-harmed-me accusation," and only offers conclusions and formulaic recitations of the elements for each purported claim, which the Supreme Court explained was insufficient under Rule 8 of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

**II.**

In this case, Plaintiff has not amended, nor sought leave to amend, his original Complaint as a matter of right under Federal Rule of Civil Procedure 15. The Ninth Circuit, however, has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, unless the Court finds that the pleading could not possibly be cured by the allegations of other facts. *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022); *see also Watison v. Carter*, 668 F.3d 1108, 1117 (9th

Cir. 2012) ("A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (cleaned up).

The Court will therefore grant Defendant's Motion to Dismiss with leave to amend. Plaintiff will be given a reasonable opportunity, if he so chooses, to amend his complaint to make clear his allegations in short, plain statements with allegation to support each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, when they were violated, the name of the person who violated the right, exactly what that person did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. Plaintiff is cautioned that an amended complaint must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure, and may not incorporate any part of the original Complaint by reference.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint in compliance with Rule 8(a) no later than 30 days from the date of this Order. If no Amended Complaint is filed within 30 days, the Clerk of the Court shall, without further Court order, dismiss this case without prejudice.

Dated this 27th day of March, 2024.

Michael T. Liburdi
United States District Judge

- 4 -